IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

ALFRED CHEESE

Criminal Case No. ELH-98-259-2

**MEMORANDUM**

Alfred Cheese was convicted in 1999 of one count of conspiracy to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, and two counts of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). He was sentenced in 2000 to concurrent terms of life imprisonment as to each count, and his conviction and sentence were upheld on appeal and post-conviction review. *See United States v. Johnson, et al.*, 26 F. App'x 111 (4th Cir. 2001) (direct appeal, consolidated with codefendants), *cert. denied*, 535 U.S. 949 (2002); *United States v. Cheese*, 177 F. App'x 316 (4th Cir. 2006) (dismissing appeal from denial of motion for post-conviction relief under 28 U.S.C. § 2255).

On April 16, 2013, this Court issued a Memorandum and Order (ECF 816 & 817) denying a motion that Cheese had filed pursuant to 18 U.S.C. § 3582(c)(2) (the "Sentence Reduction Motion") (ECF 777), in which he sought a reduction of his sentence by virtue of retroactive application of certain amendments to the United States Sentencing Guidelines, see U.S.S.G., Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011), adopted pursuant to the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (enacted Aug. 3, 2010). For reasons that are fully explained in that Memorandum and Order, I concluded that the FSA-related amendments to the Sentencing

Guidelines do not apply to Cheese.[1]

Now pending is Cheese's Motion for Extension of Time ("Extension Motion") (ECF 825), dated June 13, 2013, and received and docketed on June 17, 2013, along with a supplement to the Extension Motion (ECF 826). Claiming that the Memorandum and Order of April 16, 2013, "failed to apply the correct application of the law," Extension Motion ¶ 4, Cheese asks the Court to extend, by thirty days and/or until August 30, 2013, his time to file a "Motion for Reconsideration" of the Memorandum and Order. As I will explain, I am unable to grant the extension that Cheese requests.

In his Extension Motion, Cheese states that the Memorandum and Order were mailed to him at FCI–Cumberland, but that he is "currently incarcerated" at FCI–Beaumont Medium. Extension Motion ¶ 1. Notably, Cheese does not indicate the date that he was transferred to FCI–Beaumont Medium, nor does the docket reflect that Cheese ever filed a notice of change of address, as required by the Local Rules of this Court. *See* Local Rule 102.1(b)(iii) ("Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing . . . .").

In any event, Cheese asserts that he ultimately received a copy of the Memorandum and Order at FCI–Beaumont Medium on May 13, 2013. Extension Motion ¶ 2. He claims that, seven days later, on May 20, 2013, FCI–Beaumont Medium was placed in "lockdown status," by

---

[1] In the Memorandum and Order, I also resolved three non-substantive motions that Cheese had filed: two motions seeking "clarification" of prior rulings of the Court (ECF 779 & 794); and a motion seeking an update as to the status of the Court's consideration of his then-pending motions (ECF 800). Only the Sentence Reduction Motion resulted in a substantive ruling by the Court.

which, among other things, inmates are confined to their cells and do not have access to the law library or to the assistance of other inmates who may have legal expertise. *Id.* ¶ 3; *see* ECF 826-1 (copy of warden's lockdown memorandum). As of the filing of the Extension Motion, Cheese asserts that the institution remained in lockdown status. Extension Motion ¶ 5.

Under the Local Rules of this Court, a litigant ordinarily must file any motion for reconsideration within fourteen days after entry of the order as to which reconsideration is sought. *See* Local Rule 105.10. The Local Rules also provide that a motion may be filed to extend the time "for the filing of any document or the taking of any other required action." Local Rule 105.9; *see also* Local Rule 207 (providing that Local Rule 105 applies to criminal proceedings). In the context of a ruling on a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), however, binding Fourth Circuit precedent tightly constrains the Court's jurisdiction to entertain a motion for reconsideration.

In *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir.), *cert. denied*, ____ U.S. ____, 130 S. Ct. 3530 (2010), the Court held that a district court "lacked the authority" to reconsider a sentence reduction ruling under § 3582(c)(2), upon a motion for reconsideration filed eight months after the original § 3582(c)(2) ruling. According to *Goodwyn*, "the district court clearly acted within its authority in granting Goodwyn's first motion to modify his sentence," but the court was not permitted "to reduce Goodwyn's sentence a second time, almost eight months after the first reduction." *Id.* at 235. It said: "Goodwyn cannot point to any federal statute that expressly authorized his motion for reconsideration; no such provision exists." *Id.* at 235-36. In summation, the Fourth Circuit stated, *id.* at 236:

> When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to

§ 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

*Goodwyn* bars an untimely motion for reconsideration of a § 3582(c)(2) ruling. Arguably, the language in *Goodwyn*, quoted above, could be construed to bar any motion for reconsideration. The Tenth Circuit, while saying that it "agree[d] with the Fourth . . . Circuit[']s" decision in *Goodwyn*, has held that a motion to reconsider a § 3582(c)(2) ruling may be filed within the fourteen-day time to appeal from the ruling. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011); *accord United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011).[2]

To the extent there is an ambiguity, I need not resolve it. Even if a motion for reconsideration of a § 3582(c)(2) ruling is permissible within fourteen days after entry of the ruling, Cheese's Extension Motion was filed well outside that time period. Indeed, even if the fourteen-day time period were considered to have run from the date that Cheese actually received the Memorandum and Order denying the Sentence Reduction Motion, rather than the day that the Memorandum and Order were docketed, the Extension Motion is still untimely.

Of course, the Extension Motion is not itself a motion for reconsideration of the Court's Memorandum and Order denying Cheese's Sentence Reduction Motion. Rather, the Extension Motion seeks an extension of time in which to file such a motion for reconsideration. In any event, *Goodwyn* dictates that the limit on the Court's authority to rule on a motion for reconsideration of a § 3582(c)(2) ruling is jurisdictional. *See United States v. Trujillo*, 713 F.3d

---

[2] A fourteen-day time period would be consistent not only with the decisions in *Randall* and *Redd*, but also with Local Rule 105.10 and with Fed. R. Crim. P. 35(a), which authorizes the correction, "[w]ithin 14 days after sentencing," of "arithmetical, technical, or other clear error."

1003, 1007 (9th Cir. 2013) (observing that *Goodwyn*'s language "suggest[s] a lack of jurisdiction"). It follows that the Court lacks the authority to extend the time for such a motion for reconsideration to be filed and, in any event, would "lack[ ] the authority to grant the motion for reconsideration" once it had been filed. *Goodwyn*, 596 F.3d at 234. Accordingly, the Extension Motion must be denied.[3]

Assuming, for the sake of argument, that I have the authority to extend the time to file a motion for reconsideration under exceptional circumstances, the circumstances here do not warrant an extension. Any delay in Cheese's receipt of the Memorandum and Order was due to his failure to comply with the requirement to keep the Court apprised of his current address.

The fact that Cheese is self-represented does not excuse his non-compliance with Local Rule 102.1(b)(iii), discussed earlier, imposing the duty on self-represented litigants to apprise the Clerk of any change in address.[4] The rule is specifically directed to self-represented litigants. "Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with . . . procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL

---

[3] To be sure, the federal appellate courts are not in agreement on this point. The Ninth Circuit, in *Trujillo*, *supra*, 713 F.3d at 1007, and the Third Circuit, in *United States v. Weatherspoon*, 696 F.3d 416 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 1301 (2013), have disagreed with *Goodwyn*, *Randall*, and *Redd*, stating: "Though our sister circuits may be right that . . . a defendant is only entitled to one bite at the apple [with regard to a § 3582(c)(2) motion], it does not follow that this restriction goes to the subject matter jurisdiction of the district court." *Id.* at 421; *accord Trujillo*, 713 F.3d at 1007 (quoting *Weatherspoon*). But, "this court is bound by Fourth Circuit precedent," notwithstanding the views of other circuits. *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 830 (D. Md. 1998).

[4] In the Order that accompanies this Memorandum, the Clerk is directed to update Cheese's address of record.

2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir. 1989)).

Moreover, even after Cheese's receipt of the Memorandum and Order, he had a full week during which FCI–Beaumont Medium was not under lockdown in which to prepare a motion for reconsideration. Even after the lockdown, Cheese still could have submitted such a motion, notwithstanding that his preparation of it might have been hindered to some extent by the conditions of lockdown. Yet, Cheese waited until nearly a month after the institution was locked down before even filing the Extension Motion.

For all of the foregoing reasons, Cheese's Extension Motion is denied by the Order that accompanies this Memorandum.

Date: July 1, 2013                         /s/
                                           Ellen Lipton Hollander
                                           United States District Judge